# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROGERS XANDERS, JR. et al., )<br>)<br>　　　　　Plaintiffs, )<br>)<br>v. 　　　　　　　　　　　　　　　)<br>)<br>CITY OF WICHITA, KANSAS, 　　)<br>)<br>　　　　　Defendant. 　　　　　　)<br>)<br>_____) | Case No. 08-1238-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion to amend their complaint to (1) eliminate a claim related to holiday pay and (2) add a claim based on a new statutory theory. (Doc. 46). The City has no objection to elimination of the holiday pay claim, noting that the parties agreed "some time ago" that the holiday pay claim would be dismissed.[1] However, the City opposes the addition of a new claim, arguing that the amendment is untimely, futile, and prejudicial. For the reasons set forth below, that portion of the motion requesting leave to add a claim shall be DENIED.

---

[1] Accordingly, the portion of plaintiffs' motion to eliminate the claim related to holiday pay shall be granted without further discussion.

**Background**

This is an action for unpaid overtime wages and related penalties under the Fair Labor Standard's Act (FLSA), 29 U.S.C. § 201 et seq. Highly summarized, plaintiffs allege that they are employed by the City at the Wichita Mid-Continent Airport as "Public Safety Officers I and II" and perform both fire protection and police duties. Their claims for overtime pay and penalties are as follows:

> 1. Failure to pay plaintiffs at a rate of one and one-half of their regular rate for all hours worked in excess of 165 hours in a 27-day work period in violation of 29 U.S.C. § 207(k);
>
> 2. Crediting paid emergency staffing hours towards overtime compensation in violation of 29 U.S.C. § 207(h);
>
> 2. Failure to compute overtime compensation by using the weighted average of two or more different types of work for which non-overtime rates of pay have been established in violation of 29 U.S.C. § 207(k); and
>
> 3. Failure to make, keep and preserve adequate and accurate records of wages, hours, and other employment conditions and practices in violation of 29 U.S.C. §§ 211(c) and 215(a)(5).

**Motion to Amend**

As noted above, plaintiffs move to amend to add an alternative claim to their complaint.[2] Specifically, plaintiffs seek leave to allege that the City failed to properly pay

---

[2] Plaintiffs characterize the proposed amendment as a "change in theory" and the City characterizes the amendment as an "entirely new cause of action" or "new claim." However, both sides agree that the proposed amendment provides an alternative ground for liability. For editorial clarity and simplicity, the court refers to the proposed amendment as a "claim."

them for overtime hours in violation of 29 U.S.C. § 207(a) and 29 C.F.R. 553.212. The following statutory overview is helpful in understanding the significance of the proposed amendment.

Highly summarized, ***unless a statutory exception applies***, an employee working longer than forty hours per workweek is entitled to compensation for the excess hours at a rate not less than one and one-half times his or her regular hourly rate. See 29 U.S.C. § 207(a). One of the exceptions relates to fire protection or law enforcement activities, the type of work performed by the plaintiffs. Specifically, 29 U.S.C. § 207(k) provides:

> No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—
>
> \* \* \*
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours ... ,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

The overtime rule under section 7(k)(2) is further refined by 29 C.F.R.§ 553.230 which distinguishes between employees engaged in fire protection activities and employees engaged in law enforcement activities. Under 29 C.F.R. §§ 553.230(a) and (c), an employee engaged in ***fire protection*** activities during a 27-day work period is entitled to overtime

compensation *after 204 hours*.[3] In contrast, an employee engaged in *law enforcement* activities during a 27-day work period is entitled to overtime compensation after *165 hours.* 29 C.F.R. §§ 553.230(b) and (c).

Plaintiffs are "public safety officers" performing *both* fire protection and law enforcement activities and an issue arises as to whether overtime compensation is determined by reference to the fire protection standard (204 hours) or law enforcement standard (165 hours) for a 27-day work period. 29 C.F.R. § 553.213(b) addresses this situation and provides:

> For those employees who perform both fire protection and law enforcement activities, *the applicable standard* is the one which applies to the *activity in which the employee spends the majority of work time* during the work period. (Emphasis added).

Two of plaintiffs' claims are based on 29 U.S.C. §207(k) and, as plaintiffs concede, "the parties' dispute has focused on *whether plaintiffs perform more fire protection work or more law enforcement work*." Doc. 46. p. 2 (emphasis added).

Plaintiffs now move to amend their complaint to add a new claim based on allegations that they are *not* subject to the fire protection or law enforcement exception found in § 207(k) but are instead entitled to overtime compensation based on the 40-hour rule in 29 U.S.C. § 207(a). This new claim is based on 29 C.F.R. § 553.212 which provides:

---

[3] The City apparently utilizes a 27-day work period. 29 C.F.R. § 553.320(c) provides a chart showing the "maximum hour standards" for the respective "work periods" for both fire protection and law enforcement. For example, the chart shows that a fire protection employee working a 7-day work period is entitled to overtime compensation after working 53 hours. Similarly, a fire protection employee working an 8-day work period is entitled to overtime compensation after working 61 hours.

-4-

> (a) Employees engaged in fire protection or law enforcement activities ... may also engage in some ***nonexempt work which is not performed as an incident to or in conjunction with*** their fire protection or law enforcement activities. For example, firefighters who work for forest conservation agencies may, during slack times, plant trees and perform other conservation activities unrelated to their firefighting duties. The performance of such nonexempt work will not defeat either the section 13(b)(20) or 7(k) exemptions ***unless it exceeds 20 percent of the total hours worked*** by that employee during the workweek or applicable work period. ***A person who spends more than 20 percent of his/her working time in nonexempt activities is not considered to be an employee engaged in fire protection or law enforcement activities*** for purposes of this part. (Emphasis added).

Plaintiffs contend that if more than 20 percent of their work were "nonexempt" they would be entitled to overtime compensation for "a workweek longer than forty hours." 29 C.F.R. § 207(a)(1).[4] The impact of this proposed amendment is three-fold. First, plaintiffs' amendment raises a new statutory theory for recovery. Second, the amendment raises new factual issues related to nonexempt work and whether the work was incidental to or in conjunction with fire protection or law enforcement activities. Finally, utilization of a 40-hour workweek rather than a 165-hour "work period" as a basis for overtime compensation increases the amount of plaintiffs' monetary claim.

**Analysis**

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the

---

[4] The parties refer to this regulation as the "20/80" rule.

- 5 -

court. Fed. R. Civ. P. 15(a).[5]  Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. <u>Panis v. Mission Hills Bank</u>, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing <u>Woolsey v. Marion Labs., Inc.</u>, 934 F. 2d 1452, 1462 (10th Cir. 1991)).  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." <u>Koch v. Koch Industries</u>, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. <u>Hom v. Squire</u>, 81 F.3d 969, 973 (10th Cir. 1996).

**Futile**

The City's arguments concerning futility are less than clear.  First, the City argues that the proposed amended language does not provide any information concerning what duties plaintiffs engaged in that were "nonexempt" activities.  The City "suggests that notice pleading is acceptable before discovery commences, but not afterwards, because the opportunity to conduct discovery is gone." Doc. 50, p. 4.

The court agrees that plaintiffs' proposed amended language is, at best, broadly worded "notice pleading" and that additional discovery would be necessary to understand the

---

[5] A party may amend its pleading once as a matter of course before a responsive pleading is filed.  The time for amending "as a matter of course" is long past.

"nonexempt" work on which plaintiffs rely to support their new claim.[6] However, this argument is more appropriately related to the issue of timeliness and prejudice rather than futility.[7]

The City also cites an affidavit from Chief Paul Moore and 55 pages of deposition testimony explaining that plaintiffs (1) perform law enforcement activities when they are on law enforcement duty and (2) perform other duties such as fingerprinting, dispatch or housekeeping duties when assigned to fire trucks. However, this argument is misguided because the court does not consider facts beyond those alleged in the complaint when determining whether an amendment is futile.[8]

Finally, the City cites McGavock v. City of Water Valley, Miss., 452 F.3d 423 426-428 (5th Cir. 2006) and Huff v. Dekalb County, Ga., 516 F.3d 1273, 1278 (11th Cir. 2008) in support of its argument that "while assigned to fire prevention activities, the "20/80" rule does not apply." The problem with the City's reliance on these two cases is that the rulings in both McGavock and Huff were grounded on factual determinations established through

---

[6] Plaintiffs' claim that the City violated the 40-hour rule is based on the following allegation in the proposed amended complaint:

> 17. During the three years and approximately five months preceding the filing of this action, the Plaintiffs have spent more than 20% of their working time in nonexempt activities. Doc. 46-2, p. 4.

[7] An amendment is futile if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted.

[8] At best, it appears that the City is attempting to argue the factual merits of plaintiffs' proposed amendment. Such an argument is more appropriately addressed through a motion for summary judgment.

-7-

summary judgment motions. The court is not persuaded that the factual record is sufficiently developed in this case for the rulings suggested by the City. Accordingly, the court is not persuaded by the City's arguments that the proposed amendment is futile.⁹

**Untimely & Prejudicial**

The City also argues the proposed amendment is untimely and prejudicial because plaintiffs waited until two weeks after the close of discovery before seeking leave to pursue this new claim. Plaintiffs contend that the motion to amend was timely filed because they learned of facts supporting the new claim shortly before the close of discovery. Plaintiffs also argue that the City is not prejudiced because "any further discovery would be duplicative and/or of no value." As explained in greater detail below, the court concludes that the proposed amendment is both untimely and prejudicial.

Plaintiffs filed their motion for leave to amend on August 14, 2009, two weeks after the July 31, 2009 deadline for the completion of discovery.¹⁰ The City argues that the proposed amendment is untimely because "there is no reason why this claim could not have been asserted in the original complaint." Doc. 50. p. 3. Plaintiffs counter that they did not

---

⁹

The statutory analysis set forth in McGavock and Huff may ultimately have relevance to this case, depending on the factual record that is established through summary judgment motions or trial. However, little purpose is served in describing the complex history of the statute and the federal regulations at this time given the absence of an established factual record.

¹⁰

The issues of liability and damages have been bifurcated and damage issues will be addressed after the resolution of all liability issues. Doc. 23.

-8-

have a factual basis for asserting their 20/80 claim until the City's April 2009 production of a 2007 "Position Classification Questionnaire" and the July 2009 depositions of the City's Human Resource Director Sarah Gilbert and Chief Paul Moore. Because the motion was filed shortly after the conclusion of the depositions, plaintiffs argue that their motion was timely filed.

The problem with plaintiffs' justification for belatedly asserting their new claim is that plaintiffs were aware of "what" they did while at work when this case was originally filed. Equally important, plaintiffs were aware of the amount of time they spent on those activities. For example, the 2007 "Position Classification Questionnaire" cited by plaintiffs in support of their motion was actually answered by Roger Xanders, one of the named plaintiffs in this case. In addition to describing the tasks he performed, Xanders provided estimates for the percentages of time he devoted to various activities. The information contained in the Position Classification Questionnaire can hardly be considered "new evidence" when one of the plaintiffs was the original source of the information.[11] "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment

---

[11] The court has also considered the July 2009 deposition testimony cited by plaintiffs. At best, Ms. Gilbert provides some explanation concerning the history of the questionnaire but her testimony hardly justifies the amendment now proposed by plaintiffs. Chief Moore provides testimony concerning his efforts to create records concerning the plaintiffs' work activities. However, similar to the questionnaire, the information concerning the time spent on various work activities came from the "public safety officers" themselves.

The attachments submitted by plaintiffs reveal that the work activities and the responsibilities of the public safety officers have been the subject of numerous discussions with City employees in the context of collective bargaining negotiations, position upgrade requests, and FLSA inquiries.

is based but fails to include them in the original complaint, the motion is subject to denial." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994).[12]

This case was filed on July 31, 2008 and plaintiff waited until August 14, 2009 to move to add a claim that plaintiffs should have been aware of when they filed their complaint. Moreover, the motion was filed after the close of discovery and days before the proposed final pretrial order was due. The motion is untimely.

In addition to being untimely, the proposed amendment is unduly prejudicial to the City. As plaintiffs readily concede, the parties' "dispute has focused on whether plaintiffs perform more fire protection work or more law enforcement work." Doc. 46, p. 3. Because the motion was filed after the close of discovery, the City did not have an opportunity to conduct discovery concerning the new claim.

The absence of discovery concerning the new claim is particularly prejudicial given the general nature of plaintiffs' new claim. As noted above, at most, plaintiffs allege that they "have spent more than 20% of the working time in nonexempt activities." The City is entitled to know which "nonexempt activities" form the basis of plaintiffs' new claim. Additionally, the new claim is based on 29 C.F.R. § 553.212 which presents both the legal and factual issue as to whether the "nonexempt" activities are "performed as an incident to

---

[12] Citing Anderson v. Mt. Clemons Pottery Co., 328 U.S. 680, 687 (1946) and Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269-70 (11th Cir. 2008), plaintiffs argue that "the number of hours an employee spends performing certain activities is a matter peculiarly within the knowledge of the employer, not its employees." Therefore, plaintiffs argue, they are not charged with knowing that they spend 20 percent or more of their time in nonexempt activities. The court has reviewed the two cases and concludes that the cited quote is taken out of context and has no direct application to the pending motion to amend.

or in conjunction with" fire protection or law enforcement activities. The lack of discovery concerning these new legal and factual issues is highly prejudicial to the City.

Plaintiffs argue that the City is not prejudiced because the City, through depositions and production requests, has learned that plaintiffs have no documents containing information related to the number of hours spent performing various duties. While it may be true that plaintiffs have no documents concerning their hours, the City would still be entitled to discover the nonexempt duties plaintiffs allegedly performed, whether the duties were incidental to fire protection or law enforcement activities, and finally, the amount of time plaintiffs contend that they spent on such duties. The lack of discovery on such topics is highly prejudicial to the City.[13] Because the motion is both untimely and prejudicial, the motion to amend to add a new claim shall be denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend their complaint **(Doc. 46)** is **GRANTED IN PART** and **DENIED IN PART.** Plaintiffs shall file and serve their amended complaint, consistent with the rulings herein, on or before January 29, 2010.

---

[13] Occasionally, some of the prejudice of allowing an amendment can be mitigated by allowing some additional discovery. In this instance, the new claim would essentially require that discovery start over with a new round of interrogatories and new depositions. This case was ready for the final pretrial conference when plaintiffs sought leave to assert a new claim. Under the circumstances, the court declines to "start over" for a claim that should have been asserted in the original complaint.

Dated at Wichita, Kansas this 21st day of January 2010.

                                       S/ Karen M. Humphreys
                                       _____
                                       KAREN M. HUMPHREYS
                                       United States Magistrate Judge